## L. W. BECK, ALIAS L. W. BRADY, V. THE STATE.

No. 4645.   Decided October 24, 1917.

### 1.—Bigamy—Leading Questions—Evidence—Marriage.

Where, upon trial of bigamy, defendant raised the question as to the manner of examination of witnesses with reference to the first marriage, but this point was not questioned and defendant and his former wife were recognized as husband and wife, and both marriages were proved by license, etc., the exception to the leading questions is unimportant.

### 2.—Same—Continuance—Duress—Other Witnesses.

Where, upon trial of bigamy, the defendant contended in his application for continuance that he could prove by his brother, the absent witness, that the second marriage was consummated under duress, but the evidence on the trial gave no intimation of duress, and other witnesses were present on the trial by whom he could have shown this fact, if true, there was no error in overruling the motion for continuance and that for new trial.

### 3.—Same—Evidence—Other Offenses.

Where, upon trial of bigamy, the defendant undertook to prove by his witness that he had voluntarily surrendered for the offense, and on cross-

examination the witness testified that at the time the defendant surrendered the witness, who was sheriff, had other papers for the arrest of the defendant, to all of which the court promptly sustained an objection and instructed the jury not to consider same, there was no reversible error.

Appeal from the District Court of Caldwell. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of bigamy; penalty, not less than two nor more than three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is a bigamy conviction, appellant being allotted three years confinement in the penitentiary.

Appellant's first marriage occurred in Harris County, Texas, in 1910. He lived with this wife in Brazoria County for several years, when he wandered away and married a Mrs. McSmith in Caldwell County in 1916. There seems to be no question of the fact that appellant was twice married.

There were some exceptions reserved to the ruling of the court admitting testimony, or rather as to the manner of examination of witnesses in regard to some evidence showing the first marriage. These matters are not of sufficient importance, we think, to require serious discussion. They pertain to the fact that appellant and his first wife lived together and were recognized in Brazoria County as husband and wife for four or five years. It is alleged in the exception that the district attorney put questions of a leading nature, but it was simply eliciting the fact that they had lived together, which seems not to have been questioned, and that they were also recognized as husband and wife by the witnesses who lived near them in Brazoria County. The marriage license to the wife he married in Harris County was introduced in evidence, with all of its endorsements, showing the fact of its execution by the minister who married them. It was also proved beyond question that the bigamous marriage occurred in Lockhart, Caldwell County, where the license was issued and executed with all the endorsements and returns and records showing the issuance and execution, and it was proved beyond question they were married and lived together until the second wife discovered the fact that her husband had another living wife, when she left him.

There was an exception reserved to the action of the court overruling an application for continuance. This is properly presented. However, we think there is no merit in the application as viewed in the light of the motion for new trial and the evidence introduced. The proposition upon which the continuance was sought was to the effect that he could prove by his brother that the second marriage was consummated under duress, and, therefore, he ought not to be held responsible. The evi-

dence on the trial gives no intimation of duress. The clerk of the court testified that he issued the license about 8 or 8:30 at night; that the absent brother was present, with the father of the woman who married appellant, and obtained the license; that appellant and his would-be wife were sitting in an auto out in front of the courthouse. The license having been issued, these parties went to the Methodist minister, who solemnized the rites of matrimony between appellant and the woman. There was no intimation of duress from any source. The father of the woman was present at the trial, but was not used as a witness. It would seem he was the only party who could have used any duress, if any was used. The other party who assisted in obtaining the license was the brother of defendant, who is the alleged absent witness, and by whom appellant says he could prove the duress. The minister was not used as a witness, and neither was the father of the woman who, as before stated, assisted in obtaining the license, and also, it seems, was present at the marriage ceremony. We think there is nothing of merit in the contention.

Another bill shows that while the witness Crews, sheriff of Brazoria County, was testifying in behalf of the defendant, he stated that defendant voluntarily came and surrendered to him for the offense charged against him. The district attorney, over appellant's objection, was then permitted to show by the witness, on cross-examination, that at the time the defendant surrendered to him he had other papers for the arrest of the defendant, and that defendant had committed other crimes and offenses than that charged against him for which he was then being tried. Appellant objected to this. It will be observed that the bill is rather deficient in not stating these offenses, but be that as it may, the court qualified this bill by stating the defendant had undertaken to prove by the witness Crews that he had voluntarily surrendered for the felony offense. The State, on cross-examination, undertook to show that he also owed a fine which had not been collected, and did show that the witness Crews did not let the defendant know with what offense he was charged, or where the papers were from, but when the question was asked on cross-examination by the district attorney as to witness' understanding as to defendant giving up on the fine or something else, the court promptly sustained the objection of appellant's counsel, and instructed the jury not to consider any answer of the witness with reference to his having a warrant for the arrest of the defendant, and that he owed a fine which had not been collected, and instructed the jury that said testimony was incompetent and improper and should not be considered by them for any purpose. As presented there seems to be no error shown.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*